IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT

2011 MAY 14 P 2: 15

CLERK _____

| | | |
|---|---|---|
| JOSEPH L. HOWARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 108-132 |
| | ) | |
| BRIAN OWENS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner Joseph L. Howard filed the above-captioned case pursuant to 28 U.S.C. § 2254. The petition is now before the Court on Petitioner's motion for summary judgment, and Respondents' motions to dismiss Thurbert Baker and the petition. For the reasons set forth below, the Court **FINDS** that the petition for habeas corpus relief is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion for summary judgment (doc. no. 5) be deemed **MOOT**, that Respondents' motions to dismiss Thurbert Baker and the petition (doc. nos. 11, 12) be **GRANTED**, that Thurbert Baker be **DISMISSED** as an improper party Respondent, that this petition filed pursuant to § 2254 be **DISMISSED**, and that this civil action be **CLOSED**.

## I. BACKGROUND

On September 20, 1989, a jury found Petitioner guilty of burglary and rape. (Doc. no. 1, p. 4; doc. no. 11, Attach. 1, p. 1; doc. no. 26, p. 1). Petitioner was sentenced to 20 years of imprisonment for the burglary charge and was sentenced to "life" for the rape charge. (Doc. no. 1, p. 4; doc. no. 11, Attach. 1 p. 1; doc. no. 26, p. 1). Petitioner's conviction and sentence were affirmed on appeal on April 16, 1990. (Doc. no. 1, p. 5; doc. no. 11, Attach. 1, p. 2; doc. no. 26, p. 1). Petitioner filed a state habeas corpus petition in the Superior Court of Ware County on April 12, 1991. (Doc. no. 1, p. 4; doc. no. 11, Attach. 1, p. 2). An evidentiary hearing was held on July 3, 1991, and the court denied Petitioner's state habeas petition on March 15, 1993. (Doc. no. 1, p. 4; doc. no. 11, Attach. 1, p. 2). In that petition, Petitioner raised "ineffective assistance of counsel, improper testimony, failure to recharge jury, denial of due process, [and] illegal search." (Doc. no. 1, p. 4). Thereafter, Petitioner filed a second state habeas corpus petition on September 14, 2007, in the Superior Court of Wheeler County. (Doc. no. 1, p. 4; doc. no. 11, Attach. 1, p. 2). In his second state habeas petition, Petitioner alleged a miscarriage of justice in that the Georgia Bureau of Investigation ("GBI") concealed exculpatory DNA test results in order to obtain a conviction against Petitioner. (Doc. no. 1, p. 4; Doc. no. 11, Attach. 1, Ex. 10). Evidentiary hearings were held on January 24, 2008 and March 4, 2008. (Doc. no. 11, Attach. 1, p. 2). This second petition for state habeas relief was dismissed as successive on March 4, 2008. (Id.; Ex. 10). Petitioner's application for a certificate of probable cause to appeal was denied by the Georgia Supreme Court on July 7, 2008. (Id.).

On September 8, 2008, Petitioner filed the instant federal petition alleging a "miscarriage of justice" because: (1) the GBI as a part of a conspiracy to frame Petitioner for

2

a rape that "they" knew had been committed by Clifford Bouttry, concealed DNA test results, thereby preventing Petitioner from proving his innocence; (2) the GBI "gave false testimony" when one of its agents purportedly testified that there was not enough DNA taken from the rape victim to test against Petitioner's DNA; (3) Petitioner's attorney "conspired with the prosecutor and other McDuffie authorities to continue the cover-up to frame [Petitioner] for rape"; and (4) the Georgia Supreme Court denied Petitioner his "right to provisions in miscarriage of justice statute by refusing to hear and adjudicate [his] case according to the law." (Doc. no. 1, p. 7).

## II. DISCUSSION

### A. The Instant Petition is Governed by a One-Year Statute of Limitations

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented

could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## B.    Finality of Petitioner's Conviction

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Petitioner filed a direct appeal, and the Georgia Court of Appeals affirmed Petitioner's convictions on April 16, 1990. Petitioner did not file a motion for reconsideration or file a notice of intent to apply for certiorari to the Georgia Supreme Court. Therefore, Petitioner's conviction became final in April, 1990, prior to the April 1996 enactment of the AEDPA.

## C.    Application of the Statute of Limitations

Of key interest here, in the Eleventh Circuit, petitions filed after the enactment date of the AEDPA but attacking convictions which became final prior to that date are subject to a bright-line rule. Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (*per curiam*). Prisoners whose convictions became final prior to the effective date of the AEDPA must be given a reasonable time after the statute's enactment to file their motions for habeas corpus relief, and "a reasonable period is until April 23, 1997, one year from the date of enactment of § 105 of the AEDPA." Id. (quoting Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998)). Thus, prisoners seeking federal habeas corpus relief from a conviction which became final prior to April 24, 1996 must have filed their petition in federal court by April 23, 1997, one year after the effective date of the AEDPA.

Petitioner did not bring the instant federal petition until September of 2008, more than

4

ten years too late. Of course, a prisoner may delay the start of his AEDPA clock by showing that §§ 2244(d)(1)(B), (C), or (D) apply. That said, a prisoner may also stop the running of his AEDPA clock while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see also Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). In addition, "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Secretary for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001) (*per curiam*) (citing Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)).

The Court is aware that Petitioner sought habeas corpus relief in state court. (Doc. no. 1). Petitioner filed his first state habeas petition in April 1991, five years prior to the effective date of the AEDPA. His petition was denied on March 15, 1993. Petitioner did not file an application for a certificate of probable cause to appeal. Therefore, his state habeas petition – Petitioner's collateral attack to his conviction and sentence – became final prior to the effective date of the AEDPA. The Court is also aware that Petitioner filed a second state habeas petition in September of 2007. However, by the time Petitioner sought habeas relief in state court in 2007, the period of limitations had already expired.

Of course, the Court recognizes that according to the above-quoted provision of § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for post-conviction or collateral review is pending in state court. Nevertheless, "once a deadline has expired, there is nothing left to toll. A state court filing after the federal

habeas filing deadline does not revive it." Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)). In sum, § 2244(d)(2) is of no benefit to Petitioner. Therefore, absent some tolling mechanism, the above-captioned petition is time-barred by the AEDPA's one-year statute of limitations.

The AEDPA describes three other situations which may delay or reset its one-year statute of limitations: where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; where the State has created some "impediment" to filing the application; or where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B), (C), and (D) (quoted *supra*).

Here, Petitioner attempts to allege that the State has created some "impediment" because it purportedly withheld exculpatory documents from Petitioner. (Doc. no. 26, p. 6). Petitioner notes that he contacted the "Georgia Innocence Project" concerning his case. (Id.). Petitioner claims, "[O]n August 5, 2007, Petitioner received 'documents' from the "Innocence Project," that have been withheld from all Defense Counsels and this Petitioner until now. . . ." (Id.).

Notably missing from Petitioner's statement is the date when Petitioner contacted the Georgia Innocence Project, whether Petitioner attempted to secure the documents on his own, and by what means he undertook to secure these documents. Additionally, the purportedly exculpatory documents that Petitioner complains that the GBI concealed from him were created and available at the time of the trial. These documents appear to be reports of the

6

investigation concerning Petitioner's underlying criminal trial and are dated December 1, 1988 and December 2, 1988. (Doc. no. 26, Exs. 1-3). Petitioner himself states that he was represented by counsel at all stages of his underlying criminal proceedings; as such, he cannot now attempt to claim a "State impediment" for something that could have been addressed approximately 18 years ago. Petitioner has not shown that the State created an impediment to filing his application, or any other valid statutory grounds for extending the deadline for filing his petition. Thus, the Wilcox bright-line rule applies.

That said, "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 335 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Here, Petitioner fails to make any argument that rises to the level of extraordinary circumstances which would justify equitable tolling. Moreover, Petitioner failed to provide an explanation of any efforts he made during the course of his 18 years since his conviction became final to secure a copy of the purportedly exculpatory documents. Therefore, Petitioner has not established that he used due diligence.

In sum, because (1) Petitioner's conviction was final in 1990, but the above-captioned petition was filed after April 23, 1997, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he satisfied the requirements to support a claim of actual innocence,[1] Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations and should be **DISMISSED**.[2]

## D.     Improper Respondent

Moreover, the Court also finds that Thurbert Baker is an improper party Respondent and should be dismissed. Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall allege the name of the person having custody over a petitioner. Furthermore, Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts states that for habeas petitioners who are currently in the custody of the state, "the petition must name as respondent the state officer who has custody." The Advisory Committee Notes to Rule 2 explain that the state officer having custody of the petitioner, often a prison warden, is the appropriate respondent when a petitioner is seeking relief from a sentence for which he is currently incarcerated. The Notes further explain that the state Attorney General is an

---

[1]Although actual innocence may warrant consideration of an otherwise untimely federal petition, Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000), "[t]his exception is exceedingly narrow in scope, as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001). Notably, Petitioner does not raise an actual innocence argument in his federal habeas petition. Rather, Petitioner argues that miscarriage of justice occurred because the GBI concealed exculpatory DNA test results in order to obtain a conviction against Petitioner.

[2]In light of the Court's finding that Petitioner's § 2254 petition is time-barred and should be dismissed, the Court Reports and Recommends that Petitioner's motion for summary judgment be deemed **MOOT**.

appropriate party respondent when the petitioner is attacking a sentence which will be carried out in the future or for which the petitioner is not incarcerated, on probation, or on parole. As another federal court has explained, "[T]he only proper respondent in a collateral attack is the petitioner's custodian. . . . If the petitioner is in prison, the warden is the right respondent. . . . A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody." Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996).

As Petitioner is challenging the sentence for which he is currently incarcerated, Commissioner Owens is the proper Respondent, and Thurbert Baker should be **DISMISSED** as an improper party Respondent.

### III. CONCLUSION

For the reasons set forth above, the Court **FINDS** that the petition for habeas corpus relief is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion for summary judgment (doc. no. 5) be deemed **MOOT**, that Respondents' motions to dismiss Thurbert Baker and the petition (doc. nos. 11, 12) be **GRANTED**, that Thurbert Baker be **DISMISSED** as an improper party Respondent, that this petition filed pursuant to § 2254 be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of May, 2009, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE